*Ex parte* SALVADOR G. LÓPEZ DE AZÚA, peticionario.

No. 11.—*Sometido:* Febrero 26, 1926. *Resuelto:* Marzo 6, 1926.

1. ABOGADO Y CLIENTE—DE LA PROFESIÓN DE ABOGADO—ADMISIÓN A SU EJERCICIO —EXÁMENES A LOS EFECTOS DE LA ADMISIÓN—ADMISIÓN SIN EXAMEN—TÍTULO DEL PETICIONARIO.—Procede denegar solicitud sobre admisión al ejercicio de la profesión sin examen fundada en la Ley No. 17 de 1925 (p. 135) cuando el peticionario, de acuerdo con dicha ley, no acredita que su título de abogado es de Universidad acreditada.

2. ABOGADO Y CLIENTE—DE LA PROFESIÓN DE ABOGADO—ADMISIÓN A SU EJERCICIO —EXÁMENES A LOS EFECTOS DE LA ADMISIÓN—ADMISIÓN SIN EXAMEN—TÍTULO DEL PETICIONARIO—ADMISIÓN ANTERIOR DE OTROS CON TÍTULO PROCEDENTE DE IGUAL UNIVERSIDAD.—El hecho de haberse admitido a examen personas que presentaron títulos de abogado de determinada universidad no obliga al Supremo a seguir admitiéndolos si posteriormente se llega a la conclusión de que tal universidad no es acreditada.

SOLICITUD de admisión al ejercicio de la abogacía sin examen. *Sin lugar.*

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Don Salvador G. López de Azúa Márquez nos pide que lo admitamos al ejercicio de la profesión de abogado sin exa-

men amparándose en la Ley No. 17 de 1925 (p. 135) que concede ese derecho a toda persona que habiéndose graduado de abogado en alguna universidad acreditada de Europa o de los Estados Unidos por lo menos con diez años de anterioridad a dicha ley, probare a satisfacción de este tribunal que ha practicado durante cinco años en algún bufete de un abogado autorizado para ejercer su profesión; y nos presenta un título de abogado expedido a su favor por la Universidad de Potomac de Washington, D. C., en 3 de julio de 1911, alegando que esa universidad es acreditada y que este tribunal la ha admitido como tal al ser presentados por otras personas títulos de esa universidad.

La Ley de 8 de marzo de 1906 (Comp. 151) sobre determinación de reglas para el ejercicio de la profesión de abogado exigió para tener derecho a postular como abogado el haber obtenido un diploma como tal de cualquier acreditada escuela de leyes de los Estados Unidos y sufrir un examen general sobre ciertas materias, pero la Ley No. 51 de marzo de 1911 (Comp. 152), que empezó a regir el primero de enero de 1912, exigió que el diploma fuese de cualquier acreditada universidad o escuela de derecho de los Estados Unidos que exigiera estudios preparatorios para ingresar en ella, no siendo dicho diploma adquirido por correspondencia, y que se nos presentase una declaración jurada del rector de la universidad haciendo constar que la persona de que se trate asistió personalmente a las clases de derecho de tal universidad por un término no menor de dos años.

Es cierto que hasta que empezó a regir la Ley No. 51 citada fueron admitidas a examen varias personas que presentaron títulos de abogado de la Universidad de Potomac pero tal hecho no nos obliga a seguir admitiéndolos si posteriormente hemos llegado a conocimiento de que tal universidad no es acreditada. Y esto es lo ocurrido, pues nos hemos enterado de que la Universidad de Potomac no figura en los Estados Unidos entre las escuelas acreditadas de derecho, según puede verse en los folletos *Higher Education Law,*

publicados por la Universidad del Estado de Nueva York desde 1913 a 1924, *Handbook* 27. Ya en 1915 negamos a don Francisco Carreras Márques su admisión a examen como abogado por no acreditar que esa universidad fuera acreditada.

Por el motivo expuesto y sin tener que considerar otros, *debe ser negada la petición* que se nos hace.